C. L. IRVIN V. THE STATE.

No. 17152. Delivered March 27, 1935.

234

The opinion states the case.

*Rowell & Rowell*, of Jefferson, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

There is no question but that Mrs. Grubaugh's smokehouse was burglarized on the night of February 6, 1934, and a quantity of meat, syrup and canned fruits taken. One Buddy Davis was used as a witness by the State, who admits that he in company with appellant and others committed the burglary. The only question in the case is the sufficiency of the testimony to legally corroborate Buddy Davis. We have carefully examined the testimony of every witness. Aside from Mrs. Grubaugh, who testified to the fact of the burglary, and that appellant was the only living person, except the members of her family, who knew where the meat was in the smokehouse, there is nothing in her testimony to indicate or individuate appellant as the burglar. Mr. Taylor, the sheriff, testified that on the morning after the burglary he went out in the woods where appellant was cutting cross-ties and talked to him, and in a fashion accused him. Appellant denied his guilt, and offered to go with the sheriff down to the scene and put his foot in any of the tracks that were made by the alleged burglars, and the sheriff declined appellant's proposition. Later and after appellant was arrested, and at a date seemingly some two weeks after the alleged burglary, Mr. Taylor found a small piece of meat in appellant's possession. This he took back to Mrs. Grubaugh and she said it looked just exactly like her meat. Appellant introduced a number of witnesses who testified to an alibi, and the woman who kept house for him denied the presence at her house at any time of any of the alleged stolen property. She testified that the piece of meat taken by Sheriff Taylor was meat that had been bought by appellant from a merchant with relief money. Aside from the partial identification of the meat by Mrs. Grubaugh, we find nothing in the record appearing to corroborate the witness Buddy Da-

vis. In our opinion the testimony referred to is not sufficient. The piece of meat taken from appellant's possession was a piece of middling without any marks upon it of any kind that would seemingly enable Mrs. Grubaugh to reliably identify it. We would be unwilling to let a citizen of the State, though colored, be confined in the penitentiary without stronger corroborating evidence than here appears.

Believing the evidence insufficient to corroborate the accomplice, the judgment is reversed and the cause remanded.

*Reversed and remanded.*